IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2213-FL

| | | |
|---|---|---|
| THOMAS A. ELLINGTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA | ) | |
| DEPARTMENT OF CORRECTION | ) | |
| and GRADY MASSEY, | ) | |
| | ) | |
| Respondents. | | |

This matter comes before the court on respondents' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 10). That motion has been fully briefed. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF CASE

On May 14, 1992, in Wilson County Superior Court, petitioner pleaded guilty to second-degree murder and was sentenced to life imprisonment. Petitioner did not file a direct appeal. On September 20, 2010, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On February 25, 2011, respondent filed a motion to dismiss the petition, arguing that petitioner's claims should be dismissed because he failed to exhaust his state court remedies. Petitioner timely responded in opposition.

## DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B. Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254 (b)(1)(A). To satisfy the exhaustion requirement, a prisoner must fairly present his claims to the state court. A fair presentation to the state court means that the prisoner must give the state court an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Williams v. French, 146 F.3d 203, 215 (4th Cir. 1998). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Although the exhaustion requirement is not jurisdictional, the requirement is strictly enforced. Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Granberry v. Greer, 481 U.S. 129, 131 (1987); Rose v. Lundy, 455 U.S. 509, 522 (1982)). By giving state courts the first opportunity to review a claim, the exhaustion requirement "prevent[s] unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). In this case, respondent has not waived the exhaustion requirement. See 28 U.S.C. § 2254(b)(3).

Here, petitioner did not appeal his conviction, nor did he move for any other type of relief in connection with his state court conviction. Accordingly, he failed to fairly present in state court the grounds for which he now seeks federal relief. Because petitioner has not exhausted his state court remedies, this action is DISMISSED without prejudice to allow him the opportunity to exhaust such remedies.

C.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the

3

issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 10) is GRANTED and petitioner's claim is dismissed without prejudice for failure to exhaust his state court remedies. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 7 day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4